# Richmond

## DAVIS V. COLE BROTHERS.

### November 20, 1913.

#### Absent, Buchanan and Whittle, JJ.

1. EVIDENCE—*Writing—Original—Copy.*—A paper offered in evidence as a copy appearing in fact to be the original, the objection to the introduction of the copy until the original was accounted for was properly overruled.

2. EVIDENCE—*Admissibility—Introducing Same Evidence—Waiver.*— An objection to the introduction of evidence is deemed to have been waived where the same fact is testified to by the objector himself.

3. WITNESSES—*Cross Examination.*—In an action against the makers of notes given for the purchase price of personal property, and secured by a deed of trust on said property, after one of the original parties to the transaction has testified that the property had been advertised for sale under the deed of trust and that he was present with money to buy it, but the property was not offered, it is not error to ask him on cross examination how much money he had for that purpose at that time, where he got it from, and what he did with it.

4. WITNESSES—*Cross Examination—Foundation for Impeachment.*—In order to lay the foundation for attacking the credibility of a party witness, it is not error to permit him to be asked, on cross examination, if he had not given the plaintiff, as collateral for the notes in suit, a note signed by his grandfather, which the latter afterwards said was not signed by him, and was a forgery.

5. EVIDENCE—*Collateral Facts.*—Nor is it error to prove the same facts about the giving of the collateral note and its repudiation by a surety on the notes who was to be relieved of liability if the collateral note was accepted, or by a payee of the notes in suit.

6. EVIDENCE—*Principal and Surety—Admissions—Case at Bar.*—In an action against principal and surety on notes given for a saw-mill, where the surety claims that, after his principal had failed to pay, he bought the mill of creditor, who failed to deliver it,

and the creditor denies such sale and claims that the surety was always interested in the purchase because he had sold timber to the principal, who was to manufacture it by the use of the mill, and that he signed the notes as surety only, it was not error to prove by the admissions of both parties that the surety had sold to his principal standing timber on the former's land before the principal had bought the sawmill.

7. EVIDENCE—*Letters—Replies as Evidence of Receipt.*—A reply to a letter of a given date is sufficient evidence of its receipt without evidence that it was properly addressed and postage paid thereon.

8. EVIDENCE—*Improper Reception—Harmless Error.*—The improper admission in evidence of copies of letters of such nature that their admission in evidence could not have prejudiced the party objecting thereto nor have influenced the verdict of the jury does not constitute reversible error.

Error to a judgment of the Circuit Court of Russell county in a proceeding by motion for a judgment for money. Judgment for the plaintiffs. One of the defendants assings error.

*Affirmed.*

The opinion states the case.

*W. W. Bird, H. L. Kidd* and *S. B. Quillen,* for the plaintiff in error.

*Finney & Wilson,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

In this cause we are called upon to review the proceedings upon a notice filed in the circuit court of Russell county by Cole Brothers against C. B. Smith, J. K. Smith and J. W. Davis. Neither of the Smiths filed any plea, so that Davis is the only active defendant. The claim against him was based upon three notes, each for the sum of $275, part of a series of six notes, three of which were not due

when the suit was instituted, and which were given for the purchase price of a saw-mill, with the various attachments belonging to it.

Davis filed a special plea, which is sufficiently stated by him in his petition as follows: That Cole Brothers sold to Davis "the saw-mill in the plea described, in consideration that he would sign and assume payment of the notes sued upon, less $150; that they failed to deliver him the saw-mill, in consequence of which he was damaged, and which damage he offers to set off," etc., to which plaintiffs replied generally.

The petition further states that the errors mainly relied upon by petitioner to obtain a reversal of the judgment against him grow out of rulings made by the judge in the admission of certain letters.

The first bill of exception relates to a question asked the defendant, J. W. Davis, when testifying in his own behalf. After giving in full his version of the transaction, he goes on to say that H. C. Cole, one of the defendants, gave witness a paper at Bristol certifying that he (witness) was to have credit on the notes for $150; that witness objected to the way the paper was written; that Cole said to witness, "You sign the notes and I will deliver the mill—put you in possession of the mill"; that Cole signed the paper; that witness objected to the paper and did not accept it, but took the paper; that Cole said the paper would give witness credit for $150, and that he (Cole) would give witness possession of the mill, and that he would come shortly and deliver the mill; that witness was to pay $1,500 for the mill; that the mill had been on witness' place from May until October; that it had not been hurt; that witness did not suppose that the Coles would charge him interest until they turned him over the mill; that the paper above referred to was written by H. C. Cole; that he guessed that the paper could be found;

that H. C. Cole wrote and handed him a paper that looked like a copy of the paper handed him by plaintiff's counsel, and that he (witness) thought it was a copy of the paper Cole wrote and handed to witness. After the introduction of this testimony, plaintiff's counsel offered to read in evidence to the jury said copy, and avowed that plaintiff would prove by further evidence the paper to be a true copy, which is in the words and figures following, to-wit:

"In consideration of J. W. Davis endorsing four notes for $275 each, dated April 7, 1911, and due as follows: One due July 20, 1911; one October 20, 1911; one January 20, 1912, and one April 20, 1912, executed by C. B. Smith and J. K. Smith for saw-mill outfit, we hereby agree to give $150 credit on note for $275, dated April 7, 1911, and due July 20, 1912, when the series of six notes executed for the saw-mill outfit by above Smith Brothers are paid in full.

"This October 25, 1911.

"COLE BROTHERS."

To the reading of this copy the defendant, by counsel, objected. The court overruled the objection, and thereupon the defendant excepted.

H. C. Cole, one of the defendants in error, referring to the paper which is the subject of the exception under consideration, says that he drew up a paper showing the transaction between them and handed the same to Davis, retaining a copy, being the same paper that was read in evidence to the jury over the defendant's objection and set out in bill of exceptions No. 1; that J. W. Davis took the paper and made no objection to and did not object to receiving it. It appears, therefore, from the evidence of Cole that the paper given to Davis, and the reading of which was excepted to, was not a copy, but the original, and the account given by H. C. Cole does not at all contradict, but really

confirms the statement made by J. W. Davis in his testimony, and there was no error in allowing the paper to be read in evidence.

Bill of exceptions No. 2 is taken to the ruling of the court permitting the witness, J. K. Smith, to answer the following question: "The saw-mill was advertised under deed of trust for sale, wasn't it?" to which he replied: "Yes, the saw-mill was advertised. We were there with the money to pay for it on the day it was to be sold, but nobody was there to sell the mill, though."

This question and answer could not have injuriously affected the plaintiff in error, and, in addition, the same fact is testified to by the plaintiff in error himself. The assignment of error is overruled.

Bill of exceptions No. 3 is taken to a question asked J. K. Smith, as follows: "How much money did you have to pay for the saw-mill on the day it was advertised to be sold, where did you get it from, and what did you do with it?" To which question and the answer of the defendant showing the source from which he claims to have derived the money with which to pay for the mill the plaintiff in error excepted.

The question was asked upon cross-examination of one of the original parties to the transaction, and we think it was properly admitted by the court, and this assignment of error is overruled.

The fourth bill of exceptions was to the following question asked J. K. Smith upon his cross-examination: "Did not you give Mr. H. C. Cole, as collateral to secure the notes sued on, a note signed by your grandfather, Thomas Smith, and did not your grandfather afterwards say that he never signed the note, and that his signature to the note was a forgery?" To this question the defendant, by counsel, objected; the court overruled the objection and allowed the question to be answered, as follows: "We told

Mr. H. C. Cole we would give him a note signed by our grandfather, Thomas Smith, who lives in Scott county, Va., as collateral to secure the notes sued on. We sent this note to our grandfather to sign and then sent it on to Cole Brothers. We sent him the note to sign, and, after signing it, to send it to Cole Brothers, and I never saw the note any more. Mr. Cole told me that Thomas Smith said he never signed the note. I think my brother, C. B. Smith, has the note. I don't know how he got it back—whether he got it from Mr. J. W. Davis or not."

This was admissible, if for no other reason, to lay the foundation for attacking the credibility of the witness, and the assignment of error to its admission is overruled.

Bill of exceptions No. 5 is taken to the ruling of the court permitting a letter to be read in evidence which was addressed by Cole Brothers to the Smith Brothers. The bill of exceptions is as follows:

"Be it remembered, that upon the trial of this cause and after the introduction of the evidence and the ruling of the court as set out and shown in bill of exceptions No. 1, in bill of exceptions No. 2, in bill of exceptions No. 3 and in bill of exceptions No. 4, the witness, J. K. Smith, on his further cross-examination by plaintiffs by counsel, was offered by plaintiffs copies, or what purported to be copies, of two letters written by Cole Brothers to Smith Brothers, under dates of October 30, 1911, and November 27, 1911, which were handed to the witness by counsel for plaintiffs. And thereupon counsel for the plaintiffs read to the witness before the jury what purports to be a copy of a letter purporting to have been written by Cole Brothers to Smith Brothers, dated November 27, 1911, and which is in the words and figures following, to-wit:

'November 27, 1911.

'Messrs. Smith Brothers,
        'Castlewood, Va.

'Dear Sirs:

'Answering yours of 20th instant, sorry that we cannot help you and Mr. Davis further than we have.

'We have laid out of our money all summer, have two notes past due, and have been out of money and time without receiving a cent in return.

'If you cannot deal with the lumber firms with whom you have been in touch, we would not know where to cite you.

'We did tell Mr. Davis if he would get up the money and pay off the whole debt, we would give him $150.00 off, and he said he would give you the benefit of the rebate if you got it paid.

'We do not know of any one who would take the outfit off your hands and pay us, and we are sorry we cannot take it off your hands ourselves. We have advertised your outfit twice, and we will say to you frankly, the next time it goes, and we cannot hold but a short time longer. Trusting you can help us, we are,

                'Yours truly,
                'COLE BROTHERS.'


"This being the same copy offered and read to jury, as shown hereafter in defendant's evidence.

"To the reading of which letter in evidence before the jury the defendant, by counsel, objected because no defense was being made to this suit by Smith Brothers and because the Davis transaction was an independent transaction from the one with Smith Brothers; and the court thereupon overruled said objection and permitted said letter to be read in evidence before the jury, and the defendant then and there, before the jury retired to consider of their

verdict, excepted, and tenders this, his bill of exceptions No. 5, and prays that the same may be signed, sealed and made a part of the record, which is accordingly done this, the 19th day of October, 1912."

It will be observed that the objection to the reading of the letter is not put upon the ground that it was a copy, and no foundation had been laid for its introduction. The objection rests upon the proposition that no defense was made to the suit by Smith Brothers, and because the Davis transaction was an independent transaction from the one with the Smith Brothers. We think that the contents of the letter itself show the propriety of its being introduced before the jury, and this exception is overruled.

The sixth bill of exceptions sets out that Davis, being recalled as a witness for further cross-examination, was asked the following question: "Did not Smith Brothers send to Cole Brothers, as collateral security, a note purporting to be signed by their grandfather, Thomas Smith, as security, which note Thomas Smith never signed, and which he said his name had been forged to, and did not Mr. H. C. Cole afterwards hand you this note to be returned to Smith Brothers, and did he not say to you in handing you this note that he had taken the note to Thomas Smith, and that Thomas Smith had said that he never signed the note and repudiated it as a forgery?" And to this question the witness gave the following answer: "After the controversy between Mr. H. C. Cole and myself as to which notes I signed, Mr. Cole told me that he would give Smith Brothers a note for $550.00, and if they would get their grandfather, Thomas Smith, to sign the same with them, as security, he would take it in the place of the notes I had signed and release me. He afterwards told me that he had given them the note; that it had been sent to him with Thomas Smith's name signed to it; that he became dissatisfied with it; that he went to see Thomas

Smith about it; that Thomas Smith said that he did not sign the note and repudiated it; Mr. Cole then brought the note to me to give to Smith Brothers, and prepared a new one for the same amount, and requested me to go with Smith Brothers to get Thomas Smith to sign same and witness the signature of Thomas Smith, and then forward the note to Cole Brothers, and notify them at once if the matter was so arranged. I gave Mr. H. C. Cole a receipt for the first mentioned note, which he said Thomas Smith had repudiated, and returned the note to Smith Brothers as requested; and I tried to get C. B. Smith to go with me down to his grandfather's to get him to go on the note. He did not go; said that his mother was sick and he could not leave her. I then wrote to Mr. Cole that I could not get the note fixed. The Thomas Smith note was to release me on the two notes I had signed for Smith Brothers as security." The plaintiff in error, by counsel, excepted to the question and answer, and its admission by the circuit court constitutes an assignment of error.

We think that the ruling speaks for itself, and this assignment of error is overruled.

H. C. Cole, having been introduced as a witness for the defendants in error, was asked the following question: "After the mill was advertised for sale, did Smith Brothers give you a note with their grandfather, Thomas Smith, as security, for the sum of $550.00, which note Thomas Smith repudiated as a forgery?" Cole then goes on to give substantially the same recital with respect to this transaction that we have just set out in the statement made by Davis; and this assignment of error is also overruled.

The ninth bill of exceptions shows that H. C. Cole, upon his examination, was asked the following question: "Do you know whether J. W. Davis had sold Smith Brothers any timber?" to which he replied: "I understood from J.

W. Davis and Smith Brothers that J. W. Davis sold timber to Smith Brothers for $2,000." To the question and answer objection was made, which was overruled by the court, and the plaintiff in error excepted. We think the evidence was proper, and the assignment of error is overruled.

The subject of the tenth bill of exceptions is as follows: H. C. Cole, being on the stand, proved that he had mailed to Smith Brothers two letters, one dated October 30, 1911, and one dated November 27, 1911. The letter dated November 27, 1911, was the subject of bill of exceptions No. 5, and the propriety of reading it before the jury was there decided. The letter of October 30, 1911, which is the other letter embraced in bill of exceptions No. 10, is proved by Cole to have been written by him and addressed to Smith Brothers at Castlewood, Va. It is not specifically stated that Castlewood, Va., was the postoffice of Smith Brothers, or that the proper postage was placed upon the letter, nor was any objection made on these grounds. The bill of exceptions only states a general objection without stating any reason whatever. Under date of Castlewood, Va., November 20, 1911, Smith Brothers addressed a letter to Cole Brothers, which is a reply to their letter of October 30, 1911. We are of opinion that there was no error in the ruling of the court in this respect, and this assignment of error is overruled.

Bill of exceptions No. 11 sets out copies of a number of letters written by Cole Brothers to Davis. They are chiefly letters urging a settlement of their demands upon him, and are proved to be copies of letters written and mailed to J. W. Davis, none of which were replied to except those of October 24, 1911; and December 12, 1911, and which are the same letters set out in the bill of exceptions No. 2, in which Davis promises to do what he can to meet his obligations. It is safe to say that their admis-

sion could not have prejudiced the plaintiff in error or have influenced the verdict of the jury.

The twelfth assignment of error is to the refusal of the court to set aside the verdict of the jury and grant a new trial. We are of opinion that the evidence fully warrants the verdict, and that there is no error in the judgment complained of, which is affirmed.

*Affirmed.*